IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SARA GENTA,

        Plaintiff,

        v.

MML INVESTOR SERVICES, INC., a
Massachusetts corporation, et al.,

        Defendants.

No. CV 09-440-MO

OPINION & ORDER

**MOSMAN, J.,**

    Plaintiff Sara Genta seeks to amend her complaint to join Bidwell & Co., Ameritrade Northwest, Inc., Ameritrade Advisory Services, LLC, and Private Consulting Group, Inc. (collectively "the non-diverse defendants") as defendants in this case. Ms. Genta concedes that the addition of the non-diverse defendants would destroy diversity; thus, she seeks joinder and remand to Oregon state court pursuant to 28 U.S.C. § 1447(e). Current defendants (collectively "MML") object to joinder of the non-diverse defendants, arguing that they are not necessary or indispensable parties under Federal Rule of Civil Procedure 19 ("Rule 19") and MML would face significant prejudice if this case were remanded.

## BACKGROUND

PAGE 1 - OPINION & ORDER

This case arises from the fraudulent investment practices of C. Wesley Rhodes, a former agent of MML.  Ms. Genta, along with approximately fifty other plaintiffs, originally filed suit against MML and a variety of other defendants in state court in 2008, alleging violations of state securities laws, negligence, breach of fiduciary duty, aiding and assisting breach of fiduciary duty, and common law fraud.  The action was removed to this court in October 2008 and was dismissed on February 26, 2009, without prejudice, because it was a covered class action under the Securities Litigation Uniform Standards Act, 15 U.S.C. §§ 77p(b) and 78bb(f).  After dismissal, Ms. Genta filed the present case against MML in state court, which MML subsequently removed to this Court on April 22, 2009, on the basis of diversity jurisdiction.  (Notice of Removal (#1) ¶ 5.)  Seven other cases have been filed by plaintiffs in the original action.

On May 6, 2009, Ms. Genta filed a First Amended Complaint (#4) adding seven defendants: Charles Schwab & Co., Inc.; Bidwell & Co.; Ameritrade Northwest, Inc.; Ameritrade Advisory Services, LLC; American Express Financial Advisors, Inc.; Fidelity Brokerage Services, LLC; and Private Consulting Group, Inc.  Bidwell & Co., Ameritrade Northwest, Inc., Ameritrade Advisory Services, LLC, and Private Consulting Group, Inc. are Oregon businesses.  (Am. Compl. (#4) ¶ 1.)  MML then filed a Motion to Strike First Amended Complaint (#8) arguing that Ms. Genta could not join non-diverse defendants without prior permission from the court.  This court granted the Motion to Strike (#8) as to the addition of the non-diverse defendant and allowed Ms. Genta to file a motion for joinder.  (Order (#33).)  Currently at issue is Ms. Genta's Motion for Joinder & Motion for Remand (#34).  Because the equities favor joinder I GRANT Ms. Genta's Motion for Joinder & Motion for Remand (#34).

PAGE 2 - OPINION & ORDER

## DISCUSSION

**I.     Joinder Under § 1447(e)**

Under § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The rule "is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). However, under the plain language of the statute, the district court may not add a non-diverse defendant and retain jurisdiction. 28 U.S.C. § 1447(e); *see also Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) ("The district court ha[s] no discretion to add [a non-diverse defendant], retain jurisdiction and decide the case on the merits."). My discretion is further limited because joinder is required if the plaintiff can satisfy Rule 19 "by showing that the new part[ies are] necessary and indispensable to a full resolution of the case." *Bailey v. Bayer Cropscience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009).

**A.     *Rule 19***

Ms. Genta contends that the non-diverse defendants must be joined because they are indispensable parties under Rule 19(b). However, her concession that the non-diverse defendants are not necessary parties under Rule 19(a) is fatal to this argument. Rule 19(b) states that "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Thus, by its very language, Rule 19(b) does not come into play until a party has been found to be necessary under Rule 19(a). *See*

*Schnabel v. Lui*, 302 F.3d 1023, 1029 (9th Cir. 2002) ("To find that a person who is not joined is 'indispensable,' the absent person must first be deemed necessary as a 'person to be joined if feasible' under rule 19(a)(1) and (2)." (quoting Fed. R. Civ. P. 19(b))).  Thus, I hold that the non-diverse defendants are not indispensable parties under Rule 19.

  **B.**  *Balancing the Equities under § 1447(e)*

  A party need not be indispensable under Rule 19 to be joined under § 1447(e).[1]  When a party to be joined is not indispensable, a district court must balance the equities to determine whether joinder and remand is proper.  *See Newcombe*, 157 F.3d at 691 (holding that the district court properly "considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur").  The Ninth Circuit has not directed district courts to examine any particular issues in balancing the equities under § 1447(e).  The Fifth and Eight Circuits examine the following: "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed."  *Bailey*, 563 F.3d at 309 (quoting *Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991)); *see also Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  The Northern and Southern Districts of California determine whether to permit joinder under § 1447(e) by reference to six considerations:

---

[1] MML argues that joinder of a non-diverse defendant is allowed only if the defendant is indispensable.  (Mem. Mot. to Strike (#9) 3-4 (citing *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 819-20 (9th Cir. 1985); *Newcombe*, 157 F.3d at 681).  However, *Takeda* predates § 1447(e), which was added in 1988, and *Newcombe* explicitly states that district courts have discretion to grant or deny joinder.

PAGE 4 - OPINION & ORDER

> (1) whether the new defendants should be joined under [Rule] 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000); *see also Oettinger v. Home Depot*, No. C 09-01560 CW, 2009 WL 2136764, at *2 (N.D. Cal. July 15, 2009). All three factors considered by the Fifth and Eighth Circuits are contained in the *Palestini* factors; thus, I will balance the equities in this case with reference to the considerations in *Palestini*.

First, Ms. Genta has conceded that the non-diverse defendants are not necessary parties under Rule 19(a), weighing against joinder. Second, Ms. Genta contends that if her claims are time-barred, joinder is the only method by which they may bring claims against the non-diverse defendants. Ms. Genta has brought this second case under Oregon's saving statute, Oregon Revised Statute ("ORS") § 12.220. Plaintiffs may rely upon ORS § 12.220 only once to reassert previously dismissed claims after the expiration of the statute of limitations. Or. Rev. Stat. § 12.220(3) ("A new action may be commenced only once under this section for the same claim or claims."). Thus, Ms. Genta argues that if she is forced to bring a separate state court action against the non-diverse defendants, the action may be dismissed by the state court as "unsaved" by ORS § 12.220. However, in other briefing, Ms. Genta has argued that her claims are not actually time-barred. (Resp. to Mot. to Dismiss (#11) 3 n.1.) Thus, this argument does not weigh heavily in favor of joinder.

Third, there has been no unexplained delay in requesting joinder, weighing lightly in favor of joinder.[2] Fourth, Ms. Genta contends that the purpose of joining the non-diverse defendants is not to divest this court of jurisdiction. She points out that the similarly situated plaintiffs in six other cases against MML currently before the court have not moved to add non-diverse defendants. Counsel for Ms. Genta indicates that further investigation into the case has caused him to believe that Mr. Rhodes did not actually open accounts for Ms. Genta with MML. (Shadduck Decl. (#36) ¶ 1.) Thus, counsel argues that the non-diverse defendants have been brought into the case to protect Ms. Genta's interests, not merely to divest this court of jurisdiction. (*Id.* ¶ 2.) Although I applaud counsel's honesty, the fact that Ms. Genta originally sued the wrong defendants does not weigh heavily in her favor. However, it does demonstrate that the non-diverse defendants are not added for an improper purpose. Fifth, there is no evidence in the record that the claims against the non-diverse defendants are not valid. Finally, as discussed above, Ms. Genta believes that denial of joinder would be prejudicial because she might not be able to bring suit against the non-diverse defendants in state court due to ORS § 12.220.

MML argues that any prejudice faced by Ms. Genta is of her own making and is thus, apparently, less weighty a consideration in balancing the equities. MML further contends that it will be prejudiced if I allow joinder and remand because it will be "forced to defend multiple lawsuits in multiple forums on differing schedules on the same set of facts." (Opp. to Mot. for Joinder (#39) 5.) Ms. Genta points out that if they had originally included the non-diverse

---

[2] Ms. Genta amended her complaint to include the non-diverse defendants within fourteen days of removal; however, the amendment was partially struck because a plaintiff must request permission of the court to join non-diverse defendants.

PAGE 6 - OPINION & ORDER

defendants, MML would still be facing multiple lawsuits in multiple forums.  However, it is possible that MML would not have removed all the cases if some of them were not removable.

In addition to the *Palestini* factors, I look to a traditional equitable concern, the burden on the court system.  If I deny joinder, Ms. Genta will likely file suit against the non-diverse defendants in state court[3] and this case will continue against the newly added diverse defendants and MML, the latter of which will likely be dismissed quickly.  If I allow joinder and remand the case, MML will still likely be dismissed, and the case can continue against all the newly added defendants.  Thus, remand places a smaller burden on the court system by allowing the case to move forward in a single forum (and without unduly burdening MML with suits in two separate forums).

Considering the *Palestini* factors and the burden on the court system, I hold that the equities favor joinder of PCG and remand of the case to state court.

## CONCLUSION

Based on the foregoing, Ms. Genta's Motion for Joinder & Motion for Remand (#34) is GRANTED and this case is REMANDED to Multnomah County Circuit Court.

IT IS SO ORDERED.

Dated this __13th__ day of August, 2009.

     /s/ Michael W Mosman
     MICHAEL W. MOSMAN
     United States District Judge

---

[3] Whether such a suit would be possible considering the statute of limitations was not briefed to this court and is ultimately a decision only the state court can make.  Therefore, I do not consider it here.

PAGE 7 - OPINION & ORDER